IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MANUEL S. SALCIDO,**

      Petitioner,

    vs.                CIVIL ACTION
                       No. 10-3139-SAC

**UNITED STATES OF AMERICA,**

      Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed by a prisoner in state custody. Petitioner proceeds pro se and submitted the filing fee.

Petitioner was convicted of attempted aggravated indecent liberties, murder in the first degree, aggravated criminal sodomy, and aggravated indecent liberties. He filed the present petition pursuant to 28 U.S.C. § 2241. He contends that he is entitled to be deported, and he asserts that authorities of the Kansas Department of Corrections have refused to relinquish his custody to federal immigration authorities after the Kansas Parole Board passed him to February 2020.[1]

---

[1] Doc. 1, Attachment, Kansas Parole Board Notice of Action, dated January 26, 2010.

By an earlier order, the court directed petitioner to supply a statement of the specific legal authority that supports his claim that he is entitled to deportation. Thereafter, petitioner filed a notice to the clerk (Doc. 4) stating that he was awaiting a response from the Kansas Parole Board. He has since filed two motions for an extension of time to file the supplement directed by the court (Docs. 5 and 6) and a motion for issuance of a subpoena (Doc. 7) seeking documents concerning the procedures in regards to inmates that are illegal immigrants. To date, however, he has not provided any legal support for the claim that he is entitled to immediate deportation.

Having considered the petitioner's response and requests for additional time to secure information, the court finds the proper respondent to this action is petitioner's custodian, namely, the warden of the El Dorado Correctional Facility. *See* 28 U.S.C. §2242. The court will direct the clerk of the court to substitute the warden as the respondent to this action.

Next, because petitioner asserts unlawful conduct by officials of the Kansas Department of Corrections in failing to relinquish his custody to immigration authorities, he must pursue state court remedies before he seeks federal habeas corpus review pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v.*

*McKinna,* 208 F.3d 862, 866 (10th Cir. 2000). The court has found no record that suggests petitioner has pursued his claims in the state courts and is considering the dismissal of this matter without prejudice on that ground.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including February 11, 2011, to show cause why this matter should not be dismissed without prejudice to allow him to present his claims in the state courts. The failure to file a timely response will result in the dismissal of this matter without prejudice and without additional prior notice.

IT IS FURTHER ORDERED the clerk of the court shall substitute the warden of the El Dorado Correctional Facility as the respondent in this matter.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 11th day of January, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge