IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL S. SALCIDO,

    Petitioner,

  vs.

CIVIL ACTION
No. 10-3139-SAC

WARDEN, EL DORADO
CORRECTIONAL FACILITY,

    Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in state custody, proceeds without counsel. He seeks a court order directing the Kansas Department of Corrections to release him to immigration officials for deportation to Mexico.

**Background**

Petitioner was convicted in 1995, in the District Court of Sedgwick County, Kansas, of first-degree felony murder, aggravated criminal sodomy, aggravated indecent liberties with a child, and attempted aggravated indecent liberties with a child. *State v. Salcido-Corral*, 940 P.2d 11 (Kan. 1997).

On January 26, 2010, the Kansas Parole Board passed petitioner for ten years, meaning that he will remain incarcer-

ated for ten years before he is again considered for release on parole.

Petitioner contends that he is eligible for deportation but states that no immigration detainer has been lodged with Kansas authorities.

## Discussion

"'[F]ederal courts are under an independent obligation to examine their own jurisdiction.'" *Skrzypczak v. Kauger*, 92 F.3d 1050, 1052 (10th Cir. 1996)(quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Here, petitioner is serving a state prison term and seeks release to federal immigration authorities for removal.[1]

First, to the extent petitioner asserts he is entitled to release at this point in his sentence, the federal statute governing the removal of aliens convicted of aggravated felonies states that "the Attorney General shall provide for the initiation, and, to the extent possible, the completion of removal proceedings ... before the alien's release from incarceration for the underlying aggravated felony." 8 U.S.C. §1228(a)(3)(A). However, this section must be read in

---

[1] Effective March 1, 2003, the functions of the Immigration and Naturalization Service (INS) were transferred to the Department of Homeland Security. The former INS is now the Bureau of Immigration and Customs Enforcement (BICE).

conjunction with the following section, which states, "Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien...before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228 (a)(3)(B). Petitioner remains incarcerated under his Kansas criminal sentence, there is no evidence that immigration authorities have taken any action against him, and he is not entitled by statute to be released for removal.

Second, petitioner has no private right to demand his removal. While the United States Attorney General has the discretion to make early removal decisions for certain aliens, 8 U.S.C. § 1231(a)(4)(A)-(B)[2], that statute provides, "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Finally, those courts that have considered attempts by incarcerated aliens to assert a private cause of action to

---

[2] 8 U.S.C. § 1231(a)(4)(B) limits early removal to cases in which the Attorney General determines the alien is confined for a nonviolent offense, with certain excepted offenses, and the removal is both appropriate and in the best interest of the United States. Petitioner, in contrast, was convicted of crimes of violence.

expedite removal under different theories uniformly have found that an alien has no private right of action to seek immediate removal. *See, e.g.*, *Thye v. United States*, 109 F.3d 127, 128-20 (2d Cir. 1997)(convicted alien not entitled to seek immediate deportation before completion of prison term); *United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir.), *cert. denied*, 523 U.S. 1144 (1998)(prisoner not entitled to downward departure in criminal sentence based upon willingness to be deported and had no standing to pursue early deportation); *Prieto v. Gluch*, 913 F.2d 1159 (6th Cir. 1990), *cert. denied*, 498 U.S. 1092 (1991)(no private cause of action under statute requiring Attorney General to begin deportation proceedings as expeditiously as possible following alien's conviction of offense making alien subject to deportation; statute was not enacted for benefit of aliens); and *Hernandez-Avalos v. Immigration and Naturalization Serv.*, 50 F.3d 842 (10th Cir. 1995)(aliens convicted of deportable offenses lacked standing to seek mandamus under "zone of interest test"; statute requiring expeditious deportation was enacted for benefit of taxpayers, not convicted aliens).

For these reasons, the court concludes the present petition must be dismissed for lack of subject matter jurisdiction. Petitioner has no private cause of action to demand his

removal from the United States, nor has he any identified any right to release from his Kansas criminal sentence.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED petitioner's pending motions, namely, the motion to appoint counsel (Doc. 2), motions for extension of time (Docs. 5 and 6), and motion for issuance (Doc. 7), are denied as moot.

A copy of this Memorandum and Order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 8th day of March, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge